United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-32573** |
| ESCO OIL OPERATING COMPANY LLC, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| EVERETT LAWLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3792** |
| | § | |
| ESCOPETA OIL & GAS CORPORATION, | § | |
| DANNY DAVIS, MARVIN MARKMAN, | § | |
| CHARLES ROBERTSON, CHITTIM OIL | § | |
| & GAS, LLC, and CST OPERATING, LLC, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

Third-party defendants Geo-Vision Resources, LLC, Cameron Kyle Smith, Cameron Exploration, Inc., Scott Becker, and Frank Lytle removed the instant adversary proceeding from the 164th District Court of Harris County, Texas, to this Court on October 22, 2025.[1] Defendants Escopeta Oil & Gas Corporation, Danny Davis, Marvin Markman, CST Operating, LLC, Chittim Oil & Gas, LLC, and Charles Robertson filed a motion to remand the instant adversary proceeding on November 21, 2025, arguing the case should remain in state court because the debtor ESCO Oil Operating Company, LLC, is not named in this proceeding.[2] But the plaintiff Everett Lawley argues that this Court has "related to" jurisdiction over this adversary proceeding because the

---

[1] ECF No. 1.
[2] ECF No. 3, at 9-10.

causes of action in the adversary proceeding affect property of the debtor ESCO Oil Operating Company, LLC's bankruptcy estate.[3]

For the reasons stated herein, this Court has jurisdiction over the instant adversary proceeding under 28 U.S.C. § 1334(b), this Court will not abstain from this proceeding under mandatory or permissive abstention, and this adversary proceeding will not be remanded back to the 164th District Court of Harris County, Texas.

## I.  FINDINGS OF FACT

### A.  Background

1. Escopeta Oil & Gas Corporation ("*Defendant/Escopeta*") claims that on August 2, 2022, Escopeta executed a Prospect Acquisition Agreement ("*PA Agreement*") in which Geo-Vision sold to Escopeta the right to drill on the "South Trinidad Prospect," which is in Henderson County, Texas.[4]

2. On March 14, 2024, the Texas Railroad Commission ("*RRC*") approved ESCO Oil Operating Company, LLC's ("*Debtor/ESCO*") application for a permit to drill the Choate #1 well.[5]

3. On February 1, 2025, Escopeta, which is owned by Danny Davis[6] ("*Defendant/Mr. Davis*") and Chittim Oil & Gas, LLC ("*Defendant/Chittim*"), contracted with Debtor under a joint operating agreement ("*JOA*") to operate the Choate #1 well.[7]

4. On April 3, 2025, Debtor began drilling the Choate #1 well on the South Trinidad Prospect.[8]

5. On May 6, 2025 (the "*Petition Date*"), Debtor filed chapter 11 bankruptcy.[9]

6. On August 6, 2025, Everett Lawley ("*Plaintiff*"), who sells deals for oil and gas prospects,[10] filed his "Original Petition"[11] in which he sued Escopeta Oil & Gas Corporation, Danny Davis, Marvin Markman, CST Operating, LLC, Chittim Oil & Gas, LLC, and Charles

---

[3] ECF No. 4, at 1-4.
[4] ECF No. 1-24, at 3-4.
[5] ECF No. 4, at 3.
[6] ECF No. 4, at 4.
[7] ECF No. 1-24, at 15.
[8] ECF No. 4, at 4.
[9] Bankr. ECF No. 1. "Bankr. ECF" refers to docket entries made in the Debtor's bankruptcy case, No. 25-32573. Entries made in Plaintiff's Case number 25-3792 shall take the format of ECF No.__.
[10] ECF No. 1-3, at 3.
[11] ECF No. 1-3.

Robertson (collectively "*Defendants/Third-Party Plaintiffs*") for misappropriation of trade secrets in the 164th District Court of Harris County, Texas ("*State Court Lawsuit*").[12]

7. Plaintiff alleges in the State Court Lawsuit that he provided Mr. Davis with the location of the Choate #1 well prospect, and in exchange Mr. Davis agreed to drill for oil and share the profits with Plaintiff 50/50.[13] Plaintiff further alleges that Mr. Davis and the other Defendants drilled for oil using ESCO but they did not share the profits with Plaintiff.[14]

8. On August 22, 2025, Plaintiff filed for a TRO in the State Court Lawsuit, asking for an injunction that would enjoin ESCO from operating the Choate #1 well.[15]

9. On August 25, 2025, the 164th District Court of Harris County, Texas (the "*State Court*") entered a TRO enjoining ESCO from operating the Choate #1 well.[16]

10. On August 25, 2025, Plaintiff filed a motion in the State Court to remove ESCO from the State Court Lawsuit, claiming that he did not know ESCO had filed bankruptcy.[17]

11. On August 27, 2025, Cameron Exploration, Inc. ("*CAMEX*") filed a W-1 with the RRC, requesting that the RRC make CAMEX the operator of record for the Choate #1 well.[18] CAMEX's W-1 was granted the same day.[19]

12. On August 28, 2025, Plaintiff entered an agreement with CAMEX where Plaintiff, who allegedly had the rights to drill for oil on the Henderson property, gave the drilling rights to CAMEX.[20]

13. On August 28, 2025, the State Court removed ESCO from the TRO that enjoined ESCO from operating the Choate #1 well.[21]

14. On September 10, 2025, Debtor filed its "Expedited Motion for Order to Show Cause as to Why Everett Lawley, Cameron Kyle Smith, and Cameron Exploration, Inc. Should Not Be Held in Contempt and/or Sanctioned for Willfully Violating the Automatic Stay."[22]

15. On September 17, 2025, Defendants filed their "Counter-Petition" and "Third-Party Petition" in the State Court, alleging that Geo-Vision Resources, LLC, Cameron Kyle Smith, Cameron Exploration, Inc., Scott Becker, and Frank Lytle ("*Third-Party*

---

[12] ECF No. 1, at 2.
[13] ECF No. 4, at 13.
[14] ECF No. 1-3, at 5-6.
[15] ECF No. 3, at 6.
[16] ECF No. 3, at 7.
[17] *See* ECF No. 3, at 7.
[18] ECF No. 1-24, at 19.
[19] ECF No. 1-24, at 19.
[20] ECF No. 1-24, at 16.
[21] ECF No. 3, at 7.
[22] Bankr. ECF No. 46.

*Defendants*"), committed breach of contract, tortious interference, and misappropriation of trade secrets.[23]

16. On September 23, 2025, this Court held a hearing and found that Plaintiff and CAMEX intentionally violated the automatic stay when they filed the W-1 asking the RRC to remove Debtor as the operator of the Choate #1 well, and name CAMEX as the new operator.[24]

17. On October 1, 2025, this Court issued its "Order Converting Case to Chapter 7."[25]

18. On October 21, 2025, Plaintiff filed the "Plaintiff's Third Amended Petition" ("*Third Amended Petition*") in the State Court.[26]

19. On October 22, 2025, the "Geo-Vision Resources, LLC, Cameron Kyle Smith, Cameron Exploration, Inc., Scott Becker, and Frank Lytle's Motion and Notice of Removal" was filed by Third-Party Defendants.[27]

20. On November 21, 2025, the "Motion for Remand and Abstention"[28] ("*Motion to Remand*") was filed by Defendants.

21. On December 5, 2025, the "Response to Third-Party Plaintiffs' Motion for Remand and Abstention"[29] was filed by Plaintiff.

22. On February 23, 2026, "Emergency Motion to Compel ESCO Insiders and Affiliates to Turn Over Estate Property and Cease Their Illegal Operations" was filed by Plaintiff, who argued that Defendants were using Debtor to continue to operate the Choate #1 well, even though the case was converted to chapter 7 and Debtor had not obtained the Court's permission to operate the well.[30]

23. On February 25, 2026, this Court entered an order wherein Defendants, operators of ESCO, were ordered to shut down the Choate #1 well.[31]

24. On March 11, 2026, Christopher R. Murray, the chapter 7 Trustee for Debtor's bankruptcy estate ("*Trustee*") filed the "Statement of Chapter 7 Trustee Regarding Remand and/or Abstention."[32]

## II. CONCLUSIONS OF LAW

---

[23] ECF No. 1, at 2.
[24] Bankr. Dkt. Min. Entry Sept. 23, 2025.
[25] Bankr. ECF No. 105.
[26] ECF No. 1-39.
[27] ECF No. 1.
[28] ECF No. 3.
[29] ECF No. 4.
[30] Bankr. ECF No. 140.
[31] Bankr. ECF No. 154.
[32] ECF No. 6.

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11."[33] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[34] "Arising under" jurisdiction requires that the proceeding "invoke a substantive right" provided by the Bankruptcy Code.[35] "Arising in" jurisdiction refers to proceedings that are not based on any provision of the Bankruptcy Code, but nonetheless "would have no existence outside of the bankruptcy."[36] Taken together, proceedings that are "arising under" or "arising in" bankruptcy comprise this Court's core jurisdiction.[37]

This Court may also exercise jurisdiction over proceedings that "relate to" a bankruptcy case.[38] A proceeding is "related to" a bankruptcy case "when the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[39] A proceeding has an effect on the bankruptcy estate "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [it] in any way impacts . . . the handling and administration of the bankrupt estate."[40] Furthermore, "[t]he existence of subject matter jurisdiction is determined at the time of removal. Thus, if 'related to' jurisdiction exists at the time of removal subsequent events do not divest the district court of that subject matter jurisdiction."[41]

---

[33] *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[34] 28 U.S.C. § 157(a); *see also Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[35] *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987).
[36] *Id.*
[37] *Id.* at 93.
[38] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).
[39] *Id.*
[40] *Id.*
[41] *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 348 (M.D. La. 2015).

This Court may only hear a case in which venue is proper.[42] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[43] Debtor's main chapter 7 case is presently pending in this Court[44] and therefore, venue of this adversary proceeding is proper.

### B. Constitutional Authority to Enter a Final Order

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[45] The Motion to Remand pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) because it primarily involves a request for removal.[46] The Defendants have not consented to final adjudication by this Court,[47] but the resolution of the Motion to Remand is an interlocutory order and not a final determination of the merits of the state law claims in the underlying action.[48] Accordingly, this Court concludes that entering a final order does not run afoul of the narrow limitation imposed by *Stern v. Marshall*.[49] Thus, this Court wields the constitutional authority to enter a final order here.

### III. ANALYSIS

---

[42] *See id.* at 370.

[43] 28 U.S.C. § 1409(a).

[44] Bankr. ECF No. 1.

[45] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[46] ECF No. 3; *see also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

[47] ECF No. 3, at 19.

[48] *In re Briseno*, 571 B.R. 214, 219 (Bankr. S.D. Tex. 2017); *Matter of Rupp*, 109 F.3d at 240 ("[A] district court order is appealable under § 1291 if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment' . . . the abstention issue is separable completely from the merits of the action.") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[49] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. B.A.P. 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that Stern invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . We decline to extend *Stern*'s limited holding herein.") (citing *Stern*, 564 U.S. at 503).

This Court must analyze whether it has subject matter jurisdiction over the instant adversary proceeding under § 1334(b), whether the Court should abstain from hearing the adversary proceeding under mandatory or permissive abstention, and whether the instant adversary proceeding must be remanded to the State Court.

## A. Plaintiff's State Court Petition

In Plaintiff's Third Amended Petition[50] Plaintiff brings the following causes of action, to wit: (i) Cause of Action No. 1: Misappropriation of Trade Secrets/TUTSA (Lawley's and Geo-Vision's Claims Against Escopeta, Davis,  Markman, CST, and Chittim); (ii) Cause of Action No. 2: Breach of Contract (Lawley's and Geo-Vision's Claims Against Davis and Escopeta); and (iii) Cause of Action No. 3: Promissory Estoppel (Lawley's and Geo-Vision's Claims Against Defendants Davis and Escopeta).

## B. Subject Matter Jurisdiction Under 28 U.S.C. § 1334(b)

This Court has subject matter jurisdiction over this adversary proceeding. 28 U.S.C. § 1452 provides that:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[51] 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."[52] Thus, under 28 U.S.C.

---

[50] ECF No. 1, Ex. 39.
[51] 28 U.S.C. § 1334.
[52] 28 U.S.C. § 157(a).

§ 1334(b), the district court has jurisdiction over a proceeding if it is arising under title 11, or arising in or related to cases under title 11.[53] Under 28 U.S.C. § 157(a), the district court can then refer the proceeding to the bankruptcy court.[54]

A proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[55] The effect on the estate only needs to be conceivable, it does not need to be certain or even likely.[56]

Here, the instant adversary proceeding was originally filed in the State Court, but was then removed to this Court by the Third-Party Defendants.[57] This Court has jurisdiction over the instant adversary proceeding if the proceeding is "related to" Debtor's bankruptcy case, meaning that the outcome of this adversary proceeding must have some effect on Debtor's bankruptcy estate.[58] According to Plaintiff, the Debtor is owned and controlled by Mr. Davis.[59] Furthermore, Plaintiff claims in the adversary proceeding that Mr. Davis and Escopeta are alter-egos of Debtor.[60] If Mr. Davis and Escopeta are alter-egos of Debtor, then the state law claims against Mr. Davis and Escopeta could conceivably affect Debtor's bankruptcy estate, because Debtor's bankruptcy estate would be subject to potential liability.[61] But Defendants argue that Debtor's bankruptcy estate is not affected by this proceeding because Plaintiff nonsuited the Debtor from the State Court Lawsuit before removing the adversary proceeding to this Court.[62] While it is true Plaintiff nonsuited Debtor from the State Court Lawsuit, that does not change the fact that Defendants'

---

[53] 28 U.S.C. § 1334.
[54] 28 U.S.C. § 157(a).
[55] *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis removed).
[56] *In re Goldstar Emergency Med. Servs., Inc.*, 2007 Bankr. LEXIS 244 (Bankr. S.D. Tex. 2007).
[57] ECF No. 1.
[58] *In re Wood*, 825 F.2d at 93.
[59] ECF No. 4-3, at 11-12.
[60] ECF No. 4-3, at 11-12.
[61] ECF No. 4, at 16-18; *see also In re Schimmelpenninck*, 183 F.3d 347, 360-61 (5th Cir. 1999).
[62] ECF No. 4-3, at 14.

alleged breach of contract and theft of trade secrets could conceivably affect Debtor's bankruptcy estate.[63] Thus, this Court has "related to" jurisdiction under 28 U.S.C. § 1334(b) because it is conceivable that Defendants' alleged breach of contract and theft of trade secrets will subject Debtor's bankruptcy estate to potential liability.

### C. Mandatory Abstention

Under 28 U.S.C. § 1334(c)(2), federal courts must abstain from exercising "related to" jurisdiction where an action (1) could not have been commenced in federal court absent jurisdiction under § 1334; (2) the claim is a non-core proceeding; (3) the action was commenced in a state court; and (4) the action can be timely adjudicated in state court.[64] Each requirement must be satisfied for mandatory abstention to apply.[65]

Here, the action could not have been commenced in federal court absent 28 U.S.C. § 1334 because there is no diversity of citizenship,[66] and there is no federal question at issue.[67] This is a non-core proceeding because the Court has "related to" jurisdiction over the state law causes of action.[68] The action was commenced in the State Court but Mr. Davis is allegedly the alter-ego of Debtor, and Plaintiff alleges Mr. Davis used Debtor to drill for oil while the automatic stay was in place.[69] Therefore, Debtor's bankruptcy estate may also have a claim against Mr. Davis for any hydrocarbons that he allegedly extracted in violation of the automatic stay, and so this case cannot

---

[63] ECF No. 4, at 16-18; *see also In re Schimmelpenninck*, 183 F.3d at 360-61.

[64] *In re Moore*, 739 F.3d 724, 728 (5th Cir. 2014).

[65] *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 605; *In re IO at Tech Ridge LP*, 646 B.R. 884, 889 (Bankr. W.D. Tex. 2018); *In re Dune Energy, Inc.*, 575 B.R. 716, 729 (Bankr. W.D. Tex. 2017) ("Mandatory abstention applies only when the proceeding has no independent basis for federal jurisdiction.").

[66] ECF No. 1-3, at 2; ECF No. 1-39, at 1-2.

[67] *See generally* ECF No. 1-39.

[68] ECF No. 4, at 16-18; *see also In re Schimmelpenninck*, 183 F.3d at 360-61.

[69] ECF No. 4, at 5-6; Bankr. No. 140, at 1-6.

be timely adjudicated in State Court.[70] Thus, under 28 U.S.C. § 1334(c)(2), mandatory abstention is not applicable here.

### D. Permissive Abstention

Defendants argue that this Court should permissively abstain from the adversary proceeding.[71] 28 U.S.C. § 1334(c)(1) provides that federal courts can "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . abstain[] from hearing a . . . proceeding arising under title 11 or arising in or related to a case under title 11." Bankruptcy courts have broad discretion on whether to abstain from an adversary proceeding.[72] The movant has the burden to show that the Court should permissively abstain.[73] In the Fifth Circuit, federal courts determine whether they should permissively abstain by evaluating the following fourteen factors[74]: (1) the substantial effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) whether there is a difficult or unsettled nature of applicable law; (4) the presence of a related proceeding started in state court or other non-bankruptcy proceeding; (5) the presence of a jurisdictional basis other than under 28 U.S.C. § 1334; (6) whether the instant adversary proceeding is directly related to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters; (9) the burden on the bankruptcy court's docket;

---

[70] *Schimmelpenninck*, 183 F.3d at 355 ("[U]nder Texas law, claims based on alter ego and other piercing-the-corporate-veil theories are typically brought by a creditor, nothing prevents a corporation from asserting such a claim against its own subsidiary or affiliated companies."); *Kelly Grimsley Real Est. Ltd. v. McMahon*, No. 4:16-CV-806, 2016 WL 7326748, at *2 (E.D. Tex. Dec. 16, 2016) (citing *In the Matter of S.I. Acquisitions, Inc.*, 817 F.2d 1142, 1151–53 (5th Cir. 1987)) ("[A] state court action premised on an alter ego remedy is a right belonging to the debtor and the controlling entity's assets are property of the estate"); *In re NC12, Inc.*, 478 B.R. 820, 834 (Bankr. S.D. Tex. 2012) ("[E]ven though alter ego and veil-piercing claims are typically brought by a creditor, corporations can bring such claims on their own behalf and in bankruptcy, the claims may be asserted only by the estate.").

[71] ECF No. 3, at 15.

[72] *Schreiber v. Nelkin & Nelkin, P.C. (In re Nelkin & Nelkin, P.C.)*, Nos. 23-34054, 24-3061, 2024 Bankr. LEXIS 3098, at *7 (Bankr. S.D. Tex. Sep. 26, 2024).

[73] *Doe v. Roman Cath. Church of Archdiocese of New Orleans*, 588 F. Supp. 3d 698, 717 (E.D. La. 2022).

[74] *In re Pearl Res. LLC*, No. 20-31585, 2022 WL 17478531, at *8-9 (Bankr. S.D. Tex. Dec. 6, 2022).

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence of non-debtor parties in the adversary proceeding; (13) comity; and (14) the possibility of prejudice to other parties in the action.

The Court will consider each of the factors in turn:

**1.   The substantial effect on the efficient administration of the estate**

Defendants argue that because Plaintiff "voluntarily dismissed [Debtor] from the State Court Lawsuit, the state action has no relationship to the bankruptcy estate."[75] But regardless of whether Plaintiff dismissed Debtor from the State Court Lawsuit, Plaintiff's state law claims may affect property of the Debtor's bankruptcy estate because two of the defendants, Mr. Davis and Escopeta, are alleged to be alter-egos of the Debtor.[76] Therefore, claims against Mr. Davis and Escopeta could subject the bankruptcy estate to liability.[77] Thus, it would be more efficient for the Court to retain the instant adversary proceeding, and so this factor weighs against abstention and remand.

**2.   The extent to which state law issues predominate over bankruptcy issues**

Defendants argue that the removed lawsuit involves exclusively state law causes of action such as breach of contract, fraud, and theft.[78] All causes of action that have been pled are state law claims and so this factor weighs in favor of abstention and remand.

**3.   Whether there is a difficult or unsettled nature of applicable law**

---

[75] ECF No. 3, at 15.
[76] ECF No. 4, at 3-4.
[77] *See In re Schimmelpenninck*, 183 F.3d at 360-61.
[78] ECF No. 3, at 16.

Defendants fail to articulate how this case involves difficult or unsettled issues of state law.[79] On the contrary, Texas law on breach of contract, fraud, theft, and misappropriation of trade secrets appears to be well-settled.[80] Thus, this factor weighs against abstention and remand.

### 4. Presence of a related proceeding started in state court or other non-bankruptcy proceeding

Plaintiff and Defendants agree that there are no related proceedings in state court and no other non-bankruptcy proceedings.[81] Thus, this factor weighs against abstention and remand.

### 5. The presence of a jurisdictional basis other than under 28 U.S.C. § 1334

Defendants argue the Court has no jurisdictional basis here other than under 28 U.S.C. § 1334.[82] Because Plaintiff's claims all derive from state law, no federal question is presented. Further, all parties to these suits reside in Texas,[83] so diversity of citizenship cannot support federal jurisdiction. Thus, because the Court only has federal jurisdiction under § 1334, this factor weighs in favor of abstention and remand.

### 6. Whether the instant adversary proceeding is directly related to the ESCO bankruptcy case

Defendants argue the instant adversary proceeding is not related to the Debtor's bankruptcy case because the Debtor was nonsuited two months before removal.[84] But the causes of action are related to Debtor's bankruptcy because Mr. Davis owns the Debtor and so claims against Mr. Davis could conceivably subject Debtor's bankruptcy estate to liability.[85] Thus, this factor weighs against abstention and remand.

### 7. The substance rather than the form of an asserted core proceeding

---

[79] ECF No. 3, at 16.
[80] *Calce v. Dorado Expl., Inc.*, 309 S.W.3d 719, 737 (Tex. App.—Dallas, 2010, no pet.) (explaining the requirements to establish a misappropriation of trade secrets claim).
[81] ECF No. 4, at 22; ECF No. 3, at 16.
[82] ECF No. 3, at 16-17.
[83] ECF No. 1-3, at 2; ECF No. 1-39, at 1-2.
[84] ECF No. 3, at 17.
[85] ECF No. 4, at 16-18; *see also In re Schimmelpenninck*, 183 F.3d at 360-61.

Plaintiff only asserts state law claims, which are not core proceedings.[86] Thus, this factor weighs in favor of abstention and remand.

### 8. The feasibility of severing state law claims from core bankruptcy matters

Defendants argue that only state law claims are at issue and so there is no basis for severance.[87] All the claims in this adversary proceeding arise under state law, and so severing the state and bankruptcy law matters is not necessary.[88] Thus, this factor is neutral.

### 9. The burden on the bankruptcy court's docket

Defendants argue this case will be an additional burden on the Court's docket.[89] But there has been no evidence presented that would suggest that this Court's docket is more or less congested than the State Court's docket, and so this factor is neutral.

### 10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties

Defendants have presented no evidence of forum shopping by the Third-Party Defendants who removed the adversary proceeding to this Court.[90] Thus, this factor is neutral.

### 11. The existence of a right to a jury trial

Plaintiff has asserted a jury trial right in the State Court Lawsuit.[91] In Texas state court, only one party needs to invoke their right to a jury trial for it to occur.[92] But in this Court, both Plaintiff and the Defendants must consent to a jury trial before the instant Court can hear it.[93]

---

[86] *See* ECF No. 3, at 17; *Special Value Continuation Partners, L.P. v. Jones*, No. ADV 11-3304, 2011 WL 5593058, at *9 (Bankr. S.D. Tex. Nov. 10, 2011).

[87] ECF No. 3, at 18.

[88] *In re Pearl Res. LLC*, 2022 WL 17478531, at *6.

[89] *See* ECF No. 3, at 18.

[90] ECF No. 3, at 18-19.

[91] ECF No. 3, at 19.

[92] *See Matter of Troy S. Poe Tr.*, 646 S.W.3d 771, 778 (Tex. 2022).

[93] *In re Garcia Grain Trading Corp.*, No. 23-70028, 2025 WL 4065855, at *2 (Bankr. S.D. Tex. Nov. 21, 2025).

Defendants have indicated that they will not consent to a jury trial in this Court.[94] Nevertheless, reference to the instant Court could be withdrawn thereby providing Defendants with a pathway to a jury trial in federal court. Therefore, this factor weighs against abstention and remand.

### 12. The presence of non-debtor parties in the adversary proceeding

Defendants argue that the only parties to this adversary proceeding are non-debtor parties.[95] But Plaintiff argues that Mr. Davis is controlling the Debtor and is responsible for Debtor's alleged breach of contract, fraud, and theft of trade secrets.[96] Thus, because Mr. Davis may be an alter-ego of Debtor, this factor weighs against abstention and remand.[97]

### 13. Comity

Defendants argue that the State Court has already "conducted hearings, considered numerous motions, pleadings, and filings, and is familiar with this matter."[98] But even though the State Court is familiar with the instant adversary proceeding, there are no novel issues of state law.[99] Thus, this Court finds that this factor is neutral.

### 14. The possibility of prejudice to other parties in the action

Defendants argue that if the Court retains the instant adversary proceeding, the Court "could not finally adjudicate the claims involved given their 'non-core status,' jury trial right, and lack of consent of all parties."[100] But Plaintiff argues there is no prejudice to the Defendants because "they are all insiders to ESCO or owners of Affiliates to ESCO . . . there has been little formal discovery, and the State Court has not scheduled any such discovery or any trial date for

---

[94] *See* ECF No. 3, at 19.

[95] ECF No. 3, at 19.

[96] ECF No. 3, at 19; ECF No. 4, at 24-25.

[97] *In re Hous. Reg'l Sports Network, L.P.*, at 217 (citing *Special Value Continuation Partners*, 2011 WL 5593058, at *10).

[98] ECF No. 3, at 19; *In re Rosales*, 2012 WL 4343701 at *7.

[99] *In re Hous. Reg'l Sports Network, L.P.*, 514 B.R. at 216.

[100] ECF No. 3, at 20 (quoting *In re Rosales*, No. 12-30590-RBK, 2012 WL 4343701, at *7 (Bankr. W.D. Tex. Sept. 21, 2012)).

this suit."[101] No party has sufficiently demonstrated it would suffer prejudice if the Court rules against, or in favor of, abstention and remand. Thus, this factor is neutral.

Ultimately, more factors favor retention than abstention and remand.[102] Factors one, three, four, six, eleven, and twelve favor retention, factors two, five, and seven favor abstention, and factors eight, nine, ten, thirteen, and fourteen are neutral.

Additionally, the Court has broad discretion on whether to abstain, and the Court finds that it will be more efficient to handle the instant adversary proceeding in this Court.[103] Plaintiff's state law claims may affect administration of Debtor's bankruptcy estate because two of the Defendants, Mr. Davis and Escopeta, are alleged to be alter-egos of the Debtor.[104] Therefore, claims against Mr. Davis and Escopeta could subject Debtor's bankruptcy estate to liability.[105] While the claims brought in the adversary proceeding are all state law claims, there are no novel issues of state law.[106] Therefore, under 28 U.S.C. 1334(c)(1), because more factors weigh in favor of retention than abstention, and because it is conceivable that Plaintiff's state law claims may affect property of Debtor's bankruptcy estate, the Court will not abstain or remand this adversary proceeding.

Thus, for the reasons stated herein, this Court has jurisdiction over the instant adversary proceeding under 28 U.S.C. § 1334(b), this Court will not abstain from this proceeding under mandatory or permissive abstention, and this adversary proceeding will not be remanded back to the 164th District Court of Harris County, Texas.

## IV.   CONCLUSION

---

[101] ECF No. 4, at 25.
[102] *In re Pearl Res. LLC*, 2022 WL 17478531, at *10.
[103] *Id.* at *9.
[104] ECF No. 4, at 3-4.
[105] ECF No. 4, at 16-18; *see also In re Schimmelpenninck*, 183 F.3d at 360-61.
[106] *See generally* ECF No. 1.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.


**SIGNED Thursday, April 23, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**