**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-32573** |
| ESCO OIL OPERATING COMPANY LLC, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| | § | |
| EVERETT LAWLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3792** |
| | § | |
| ESCOPETA OIL & GAS CORPORATION, | § | |
| DANNY DAVIS, MARVIN MARKMAN, | § | |
| CHARLES ROBERTSON, CHITTIM OIL | § | |
| & GAS, LLC, and CST OPERATING, LLC, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

This Court addresses "Defendants, Counter-Plaintiffs And Third-Party Plaintiffs Motion For Reconsideration Of Court's Order And Memorandum Opinion On Motion For Remand And Abstention"[1] ("*Motion for Reconsideration*") filed by Escopeta Oil & Gas Corporation, Danny Davis, Marvin Markman, Charles Robertson, Chittim Oil & Gas, LLC, and CST Operating, LLC ("*Movants*"). Movants are defendants, counter-plaintiffs, and third-party plaintiffs in this case and, through their Motion for Reconsideration, seek reconsideration of this Court's April 23, 2026 Order and Memorandum Opinion denying their Motion to Remand and Abstention.[2]

The Court has carefully considered Movants' arguments in light of the standard established by the Fifth Circuit for reconsideration motions. For the reasons herein, Movants have failed to

---

[1] ECF No. 14.
[2] ECF No. 7; ECF No. 8.

satisfy the stringent standard required for reconsideration under Federal Rule of Civil Procedure 59(e), as incorporated by Federal Rule of Bankruptcy Procedure 9023, and Fifth Circuit precedent. Specifically, Movants have not demonstrated a clear error of law or fact that would warrant reconsideration of this Court's April 23, 2026 Order and Memorandum Opinion. The Notice of Removal was timely filed under Federal Rule of Bankruptcy Procedure 9027(a)(3) because the thirty-day removal period ran from service on the removing Third-Party Defendants themselves, not from service on counsel for a different party. The Court's finding of related-to jurisdiction under 28 U.S.C. § 1334(b) was sound at the time of removal and is not retroactively divested by the subsequent expiration of the claims bar date.

Therefore, "Defendants, Counter-Plaintiffs And Third-Party Plaintiffs Motion For Reconsideration Of Court's Order And Memorandum Opinion On Motion For Remand And Abstention"[3] filed by Escopeta Oil & Gas Corporation, Danny Davis, Marvin Markman, Charles Robertson, Chittim Oil & Gas, LLC, and CST Operating, LLC is hereby DENIED. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

## I.      Background

For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's April 23, 2026, Memorandum Opinion.[4]

### A.  The underlying bankruptcy case and adversary proceeding

ESCO Oil Operating Company LLC (the "*Debtor*") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 6, 2025, in this Court.[5] On August 6, 2025, Everett

---

[3] ECF No. 14.

[4] ECF No. 7.

[5] Bankr. ECF No. 1. "Bankr. ECF" refers to docket entries made in the Debtor's bankruptcy case, No. 25-32573. Entries made in Plaintiff's Case number 25-03792 shall take the format of ECF No. __.

Lawley ("*Plaintiff*") originally filed suit against Escopeta Oil & Gas Corporation, Danny Davis, Marvin Markman, and the Debtor in the 164th District Court of Harris County, Texas, asserting claims for breach of contract and misappropriation of trade secrets.[6] The Debtor was initially a defendant in the state court action but was nonsuited by Plaintiff prior to removal.[7] Accordingly, the Debtor is not a named defendant in the adversary proceeding.[8] However, Plaintiff has alleged that Escopeta Oil & Gas Corporation and Danny Davis are alter egos of the Debtor.[9]

### B.  The third-party claims and service

On September 17, 2025, Defendants filed a Counter-Petition and Third-Party Petition in state court, naming as third-party defendants Geo-Vision Resources LLC, Cameron Kyle Smith, Cameron Exploration Inc., Scott Becker, and Frank Lytle (collectively, the "*Third-Party Defendants*").[10] The Third-Party Petition alleged claims for breach of contract, tortious interference, and misappropriation of trade secrets against these Third-Party Defendants.[11] On September 17, 2025, Plaintiff's counsel, Laura Haley ("*Ms. Haley*"), was served with the Third-Party Petition via the state's electronic service system.[12] However, Ms. Haley represented Plaintiff in the state court action and had not appeared on behalf of the Third-Party Defendants in state court at the time Movants filed their Counter-Petition and Third-Party Petition.[13] The individual Third-Party Defendants were subsequently served with summons and the Third-Party Petition on the following dates: Geo-Vision Resources LLC and Scott Becker on September 23, 2025; Cameron

---

[6] ECF No. 1-2; ECF No. 1-3.
[7] ECF No. 1-2; ECF No. 1-22.
[8] ECF No. 1-22; ECF No. 1.
[9] ECF No. 1-39, at 11–12, ¶ 43.
[10] ECF No. 1-24.
[11] ECF No. 1-24.
[12] ECF No. 1-24 at 30–32.
[13] June 8, 2026 H'rg (Ms. Haley testifying).

Kyle Smith and Cameron Exploration Inc. on September 24, 2025; and Frank Lytle on September 27, 2025.[14]

### C. Removal and the motion to remand

On October 22, 2025, the Third-Party Defendants filed a Notice of Removal in this Court, removing the adversary proceeding from state court to the United States Bankruptcy Court for the Southern District of Texas.[15] On November 21, 2025, Movants filed a Motion to Remand and Abstention, challenging this Court's jurisdiction over the adversary proceeding.[16] On April 23, 2026, this Court issued an Order and Memorandum Opinion denying Movants' Motion to Remand and Abstention.[17]

### D. The claims bar date and claims register

On October 13, 2025, Christopher R. Murray, the chapter 7 Trustee for Debtor's bankruptcy estate ("*Trustee*"), issued a Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims, establishing January 16, 2026, as the bar date for filing proofs of claim against the Debtor's bankruptcy estate.[18] The Claims Register for the Debtor's bankruptcy estate reflects that seventeen claims have been filed, totaling $1,307,473.28.[19] Notably, neither Plaintiff nor any of the Third-Party Defendants filed a proof of claim against the Debtor's bankruptcy estate.[20] The bar date for filing claims expired on January 16, 2026.[21]

### E. The Trustee's position

---

[14] ECF Nos. 1-26, 1-27, 1-29, 1-32.
[15] ECF No. 1.
[16] ECF No. 3.
[17] ECF No. 7.
[18] Bankr. ECF No. 118.
[19] *See* Claims Register.
[20] *See* Claims Register.
[21] *See* Bankr. ECF No. 118.

On March 11, 2026, the Trustee filed a Statement of Chapter 7 Trustee Regarding Remand and/or Abstention.[22] In this statement, the Trustee acknowledged that the Debtor's bankruptcy estate may still have a claim against Danny Davis, one of the Defendants in the adversary proceeding.[23] The Trustee also stated that claims adjudicating whether Danny Davis is an alter ego of Escopeta Oil & Gas Corporation, Chittim Oil & Gas, LLC, CST Operating, LLC, or the Debtor affect the estate, and that such claims could expand or potentially diminish what is included in the estate pursuant to 11 U.S.C. § 541.[24]

### F.  The Motion for Reconsideration

On May 7, 2026, Movants filed the instant Motion for Reconsideration, challenging this Court's April 23, 2026, Order and Memorandum Opinion on two grounds: (1) that the Notice of Removal was untimely filed in violation of Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9027(a)(3); and (2) that the expiration of the bar date for filing proofs of claim should divest this Court of related-to jurisdiction under 28 U.S.C. § 1334(b).

### II.      Legal Standard

Federal Rule of Civil Procedure ("*Rule*") 59(e), as incorporated into bankruptcy practice by Bankruptcy Rule 9023, permits reconsideration only under narrow circumstances.[25] The Fifth Circuit has established that to prevail on a motion for reconsideration, a movant must show one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest

---

[22] ECF No. 6.

[23] ECF No. 6, at 3, ¶ 7.

[24] ECF No. 6, at 3, ¶ 6; 11 U.S.C. § 541.

[25] FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023; *In re RunItOneTime LLC*, No. 25-90191, 2026 LX 50960, at *12 (Bankr. S.D. Tex. Jan. 26, 2026); *Webber v. Leson Chevrolet Co.*, No. 24-30637, 2025 LX 586845, at *21 (5th Cir. Nov. 18, 2025).

injustice.[26] This standard is deliberately restrictive because reconsideration is not a vehicle for re-litigating issues already decided by the Court or for presenting arguments that could have been raised in the original motion.[27]

### III.   Analysis

#### A.  Removal was timely under Bankruptcy Rule 9027(a)(3)

Claims and causes of action may be removed to bankruptcy court if the district court has jurisdiction under 28 U.S.C. § 1334.[28] When the claim is filed after the bankruptcy case was commenced, the removing party must file a notice of removal within the shorter of (1) thirty days after receipt of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (2) thirty days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.[29]

Third-Party Defendants' filing of the notice of removal was timely. The thirty-day period expired on October 23, 2025, for Geo-Vision Resources LLC and Scott Becker, on October 24, 2025, for Cameron Kyle Smith and Cameron Exploration Inc., and on October 27, 2025, for Frank Lytle.[30] Thus, removal was timely because all of the Third-Party Defendants have met the thirty-day deadline.[31]

Movants argue that the thirty-day period runs from September 17, 2025, when Ms. Haley, who they assert represented the Third-Party Defendants, was served.[32] Movants are correct in asserting that Plaintiff's counsel was served on September 17, 2025.[33] However, Movants ignore

---

[26] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).
[27] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[28] 28 U.S.C. §§ 1334, 1452.
[29] FED R. BANKR. P. 9027.
[30] ECF No. 1-26–1-29, 1-32; *see* FED. R. BANKR. P. 9006.
[31] *See* FED. R. BANKR. P. 9006.
[32] ECF No. 14, at 3, ¶ 6.
[33] ECF No. 1-24, at 30-32.

that, at the time of service, Ms. Haley only represented the Plaintiff and not the Third-Party Defendants—distinct parties to the Third-Party Petition—in the state-court proceeding.[34] Movants fail to point to any legal authority supporting the proposition that service on Plaintiff's counsel could be imputed to unrelated third parties who were not represented by and had no legal relationship to that counsel in the context of the third-party claims.[35]

The record further demonstrates that the Movants' own state-court pleading identified specific addresses and registered agent service information for each Third-Party Defendant, and Movants in fact served each Third-Party Defendant personally with summons on distinct dates between September 23 and 27, 2025.[36] This conduct confirms that Movants understood service on Ms. Haley to be insufficient for the Third-Party Defendants and that personal service on each removing party was the operative trigger for the removal period.[37]

## B. Movants' bar date argument fails because jurisdiction is determined at the time of removal and is not divested by subsequent events

The district court, and by referral the bankruptcy court, has original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11.[38] A proceeding is related to a bankruptcy case when the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.[39] A proceeding has an effect on the bankruptcy estate "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [it] in any way impacts . . . the handling and administration of the bankrupt estate."[40] This test is not narrowly confined to situations

---

[34] June 8, 2026 H'rg (Ms. Haley testifying).
[35] *See id.*
[36] ECF No. 1-24, at 11–12; ¶¶ 42–46.
[37] *See Id.*
[38] 28 U.S.C. § 1334.
[39] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).
[40] *Pacor, Inc.*, 743 F.2d at 994; *Celotex Corp.*, 514 U.S. at 308 n.6.

involving direct estate assets or allowance of creditor claims.[41] Rather, courts recognize that the reach of related-to jurisdiction is broad, and proceedings that can add assets to the debtor's estate, thus allowing the trustee to pay creditors a larger recovery for their allowed claims, are at a minimum related proceedings.[42] The test encompasses not only direct recovery of estate assets but also proceedings that could affect the debtor's rights, liabilities, or the administration of the bankruptcy estate.[43] Critically, jurisdiction is determined at the time a lawsuit is filed or removed.[44] If jurisdiction exists at the time of removal, subsequent events cannot divest the district court of that subject matter jurisdiction.[45] The temporal anchor for the jurisdictional inquiry is the moment of removal, not subsequent administrative developments or the passage of procedural deadlines.[46]

This Court found in its Memorandum Opinion that alter-ego allegations tie the Movants (namely Danny Davis and Escopeta Oil & Gas Corporation) to the Debtor, which creates related-to jurisdiction.[47] Specifically, according to Plaintiff, the Debtor is owned and controlled by Danny Davis.[48] Furthermore, Plaintiff claims in the adversary proceeding that Danny Davis and Escopeta Oil & Gas Corporation are alter egos of Debtor.[49] If Danny Davis and Escopeta Oil & Gas Corporation are alter egos of Debtor, then the state law claims against Danny Davis and Escopeta

---

[41] *Pacor, Inc.*, 743 F.2d at 994; *Celotex Corp.*, 514 U.S. at 308 n.6.

[42] *Endeavour GP, LLC v. Endeavour Highrise, L.P. (In re Endeavour Highrise, L.P.)*, 432 B.R. 583, 632 (Bankr. S.D. Tex. 2010).

[43] *Id.*

[44] *345 Partners SPV2 LLC v. Nichols (In re Rhodium Encore LLC)*, Nos. 24-90448, 25-3413, 2025 LX 644659, at *10-11 (Bankr. S.D. Tex. Mar. 30, 2026).

[45] *Lee v. Choudhri (In re Briar Bldg. Houston LLC)*, 649 B.R. 719, 723-24 (Bankr. S.D. Tex. 2023) (quoting *In re Enron Corp. Sec.*, 535 F.3d 325, 336 (5th Cir. 2008)).

[46] *Spear Mktg. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015).

[47] ECF No. 7 at 8–9.

[48] ECF No. 4-3, at 11-12.

[49] *Id.*

Oil & Gas Corporation could conceivably affect Debtor's bankruptcy estate, because Debtor's bankruptcy estate would be subject to potential liability.[50]

Movants now argue that since the claim bar date has passed, and neither Plaintiff nor the Third-Party Defendants filed a proof of claim, there is no related-to jurisdiction. But at the time of removal on October 22, 2025, the claims bar date had not yet expired.[51] The bar date was set for January 16, 2026—nearly three months after removal.[52] At the moment of removal, therefore, the possibility remained that claims could be filed against the estate, and the outcome of the adversary proceeding could conceivably affect the estate's exposure and administration.[53]

Movants' argument that the passage of the claims bar date without filed proofs of claim is cause for a retroactive erasure of subject matter jurisdiction is legally unsound.[54] The claims bar date is an administrative deadline and cannot undo the jurisdictional analysis performed at the time of removal.[55] To hold otherwise would create an anomalous result: a case could be properly removed, only to lose jurisdiction months later when an administrative deadline passes.[56] This would introduce instability into bankruptcy jurisdiction and would be inconsistent with the principle that jurisdiction is fixed at removal.[57]

Moreover, Movants' argument further assumes that the only conceivable estate effect is the allowance of a creditor's proof of claim.[58] This assumption is too narrow because the related-to test asks whether the proceeding's outcome could conceivably affect the estate being

---

[50] ECF No. 4, at 16-18; *see also In re Schimmelpenninck*, 183 F.3d 347, 360-61 (5th Cir. 1999).
[51] *See* Bankr. ECF No. 118.
[52] *See id.*
[53] *See Pacor, Inc.*, 743 F.2d at 994; *Celotex Corp.*, 514 U.S. at 308 n.6.
[54] *See 345 Partners SPV2 LLC*, 2025 LX 644659, at *10-11.
[55] *See id.*
[56] *See id.*
[57] *See id.*
[58] *See* ECF No. 14, at 4–5, ¶¶ 10–14.

administered in bankruptcy, which can include effects beyond the filing and allowance of creditor claims.[59] The March 11, 2026, statement from the Trustee indicating that the estate may still have a claim against Danny Davis is an indication that estate interests remain implicated in this litigation notwithstanding the bar date.[60] The outcome of the adversary proceeding could directly affect the Trustee's ability to pursue estate claims and the recovery available for the estate.[61]

Accordingly, Movants have not identified any clear error of law in the Court's prior analysis or any manifest injustice warranting reconsideration. The Motion for Reconsideration must be denied.

### IV.    Conclusion

For the reasons stated herein, Movants have failed to satisfy the stringent standard required for reconsideration under Federal Rule of Civil Procedure 59(e), as incorporated by Federal Rule of Bankruptcy Procedure 9023, and Fifth Circuit precedent. Specifically, Movants have not demonstrated a clear error of law or fact that would warrant reconsideration of this Court's April 23, 2026 Order and Memorandum Opinion. The Notice of Removal was timely filed under Federal Rule of Bankruptcy Procedure 9027(a)(3) because the thirty-day removal period ran from service on the removing Third-Party Defendants themselves, not from service on counsel for a different party. The Court's finding of related-to jurisdiction under 28 U.S.C. § 1334(b) was sound at the time of removal and is not retroactively divested by the subsequent expiration of the claims bar date.

Therefore, "Defendants, Counter-Plaintiffs And Third-Party Plaintiffs Motion For Reconsideration Of Court's Order And Memorandum Opinion On Motion For Remand And

---

[59] *See Endeavour GP, LLC*, 432 B.R. at 632; *Celotex Corp.*, 514 U.S. at 308 n.6.

[60] ECF No. 6, at 3, ¶ 7.

[61] *See id.*

Abstention"[62] filed by Escopeta Oil & Gas Corporation, Danny Davis, Marvin Markman, Charles Robertson, Chittim Oil & Gas, LLC, and CST Operating, LLC is hereby DENIED. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED Monday, July 13, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

---

[62] ECF No. 14.